GARR *v.* GOMEZ, 9 Wend. 649–679.
In S. Ct. 6 Wend. 583.

*Pleading ; Error ; Verdict on Defective Counts ; Costs on Reversal.*

ACTION of assumpsit on an award. On the main point in this case, to wit, whether the plea to the first count of the declaration, that the plaintiff assigned all his estate, real and personal, &c., to an assignee, appointed on his application for a discharge under the insolvent law, previous to the making of the award, by which the defendant was bound to account to Gomez for certain moneys in his hands, was a good plea?

The Supreme Court held it bad on general demurrer, and that the award directing payment to him was good; that the arbitrator had not exceeded his authority, and that the order as to *costs,* if not within the submission, being void only *pro tanto,* did not avoid the award as to the residue. This part of the decision was affirmed in the Court of Errors.

But the Court of Errors held, the plea to two other counts, 2d and 3d, which plea alleged that he *assigned* all, &c., as an insolvent debtor to an assignee, &c., after the *making of the promises* set forth in the declaration, was good, although the promises are laid in the declaration as of a day subsequent to the discharge; the day laid in the declaration not being material, the averment in the plea must be taken to be true on demurrer.

The Court of Errors also held, that contingent damages having been assessed by a general verdict on all the counts, where one is adjudged bad on demurrer, leave will not be given by a court of review, to enter a *nol. pros.* as to such count; and where there is a general verdict and judgment, on several counts, some good and some bad, the judgment will be *reversed,* although the presumption is, that damages were assessed on the good counts only; but in such case the costs of the writ of error will not be given to the plaintiff in error. *Venire de novo* awarded: the plaintiff below to pay the costs of the former trial.

The defendant (plaintiff in error) urging that it must be a mere judgment of reversal, and not a venire, &c.

The court considered the point and made an order of reversal as follows: "That the final judgment of the S. Ct. be reversed; that the plea to the 2d and 3d counts was adjudged to be good, but the plea to the first to be bad. That so much of the judgment of the Supreme Court as held the plea to the 2d and 3d counts bad be reversed. That the rest of the judgment be affirmed, and that as to the 2d and 3d counts, defendant go thereof without a day. Venire de novo to issue to try the issue and assess damages on the first count.

This was subsequently on motion so modified as to give the plaintiff leave to apply to the Supreme Court to amend his plea to that count, or to put in a new plea, upon such terms as the Supreme Court should think proper to direct.

                                Judgment accordingly.